UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60119-CIV-COHN/SELTZER

SOUTHERN GROUTS & MORTARS,
INC.,

      Plaintiff,

v.

LATICRETE INTERNATIONAL, INC.,

      Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court on Defendant's Motion to Renew its Request Pursuant to Fed. R. Civ. P. 54 For a Declaration that Laticrete is the Prevailing Party and for Attorney's Fees Pursuant to Fla. Stat. § 501.201 (DE 45) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 46).  Having carefully reviewed the briefed motion (DE 45, 47, 51, 55, and 56) and being otherwise sufficiently advised, the undersigned respectfully recommends that the Motion (DE 45) be GRANTED in PART and DENIED in PART as set forth below.

I.      BACKGROUND

On January 26, 2006, Plaintiff filed a complaint against Defendant.  See Complaint (DE 1) (alleging claims for Patent Infringement and Unfair Competition, as well as violations of the Florida Deceptive and Unfair Trade Practices Act ["FDUTPA"]).  On October 30, 2006, the District Court granted summary judgment in favor of Defendant on all claims.  See Order (DE 31).  On February 20, 2007, the District Court granted in part

Defendant's Motion for a Declaration that Laticrete is the Prevailing Party and for Costs and Attorney's Fees.  See Order (DE 43); see also Motion (DE 32).  Specifically, the District Court determined the following:

> [T]he Court, in its discretion, finds that an award of fees for time spent defending the FDUTPA [Florida Deceptive and Unfair Trade Practices Act] claim, over and above the time spent defending the patent infringement claim, is appropriate.  Defendant is not entitled to recover for the time expended defending the patent infringement claim merely because the two claims are related. . . . If Defendant prevails on appeal, it may then apply to this Court for an award of fees for the time spent defending the FDUTPA claim.  At that time, the parties may dispute the amount of fees to be awarded, but they may not re-litigate the issue of whether Defendant is entitled to fees under FDUTPA since that has been decided herein.

Order at 5 (DE 43); see also Order at 7-8 (DE 43) (declining to award Defendant fees/sanctions based on "lack of due diligence" – construed under Rule 11 and 35 U.S.C. § 285 – and reiterating that "[s]hould Defendant prevail on appeal, it may file a motion for attorneys' fees for those fees incurred in defending against Plaintiff's FDUTPA claim in accordance with the findings herein.").  On October 5, 2007, the United States Court of Appeals for the Federal Circuit affirmed the District Court's Order Granting Summary Judgment in favor of Defendant.  See Judgment (DE 44 and 50).

Defendant thereafter filed the instant motion for attorney's fees together with its counsel's affirmation.  See Motion (DE 45); see also Affidavit of Robert Curcio (DE 47).[1]  Plaintiff has filed an opposition memorandum (DE 51),[2] and Defendant has replied thereto

---

[1] Defendant does not seek an award of costs.  See Affidavit of Robert Curico at 2 -10 (DE 47) (limiting award only to attorney's fees based on billing records attached to Defendant's December 15, 2006 Reply Brief [DE 37]); see also Defendant's December 15, 2006 Reply Brief at 4 (DE 37) ("Defendant hereby withdraws its request for costs.").

[2] Prior to filing Defendant's Reply (DE 56), the parties telephonically conferred in an attempt  to resolve and/or narrow the issues raised by the instant motion (DE 45 and

2

(DE 56).   The matter, therefore, is now ripe for decision.[3]

II.   DISCUSSION

    A.   Entitlement to Attorney's Fees

Defendant seeks to recover $24,603.16 in attorney's fees "for defending the FDUTPA cause of action" in this matter.  Joint Status Report at 2 (DE 55); see also Affidavit of Robert Curcio at 10 (DE 47).  Plaintiff does not challenge Defendant's entitlement to the requested fees.  See Joint Status Report at 2 (DE 56) ("Plaintiff withdraws its argument that defendant is ineligible to recover attorneys' fees under FDUTPA."); see also Order (DE 43) (previously finding that Defendant is only entitled to fees under FDUTPA).  Plaintiff, however, does challenge the reasonableness of the amount sought.  See Joint Status Report (DE 56) ("Plaintiff's counsel challenges the estimated percentage of time allocated to the FDUTPA claim for each entry" and "contests the actual time entries as excessive."); see also Response (DE 51).  Thus, the only issue

---

47) and Plaintiff's response thereto (DE 51). See Joint Status Report (DE 55); see also Order (DE 52) (ordering the parties to confer and to file a Joint Status Report).

   [3] Neither party has requested a hearing, and the Court concludes that a hearing is not necessary. See Reply at 4 (DE 56) ("Defendant respectfully requests that this motion be decided on the papers.").  In Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303-04 (11th Cir. 1988), the Eleventh Circuit ruled that a hearing on a fee petition is required only "where an evidentiary hearing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact . . . ."  More recently, the Eleventh Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'"  Thompson v. Pharmacy Corp. of Am., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Norman, 836 F.2d at 1309).  The primary issues presented herein are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which the Court possesses sufficient expertise.

3

before the Court is whether the requested $24,603.16 in attorney's fees is reasonable in this case.

### B.     Reasonableness of Attorney's Fees

The Eleventh Circuit has adopted the lodestar method to determine a reasonable attorney's fee. See Norman, 836 F.2d at 1292. To establish a lodestar amount, a court must ascertain the number of hours an attorney reasonably expended on the litigation and then multiply that figure by a reasonable hourly rate. Id. at 1299-1302. The product of the reasonable hourly rate and the reasonable number of hours expended is referred to as the "lodestar amount." Id. at 1299. The lodestar amount may then be adjusted upward or downward to reach a more appropriate attorney's fee. Id. at 1302. The burden of documenting the number of hours reasonably expended and the reasonable hourly rate rests with the fee applicant. See ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

#### 1.     Reasonable Hourly Rates

The Court must first determine whether the hourly rates requested by Defendant are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[4] Norman, 836 F.2d at 1299. Norman discussed the evidence needed to

---

[4] Norman also stated that the following twelve factors set forth by the former Fifth Circuit in Johnson v. Georgia Highway Express, 488 F.2d 714, 719 (5th Cir. 1974), are still relevant in establishing a reasonable hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

4

satisfy a fee applicant's burden of demonstrating reasonable rates:

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. Blum [v. Stenson], 465 U.S. [886] at 896 n. 11, 104 S.Ct. [1541] at 1547 n. 11. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. See Hensley, 461 U.S. [424] at 439 n.15, 103 S.Ct. [1933] at 1943 n.15. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Norman, 836 F.2d at 1299. "Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'" Hansen v. Deercreek Plaza, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006) (quoting Haugh v. Sec'y of Dep't of HHS, No. 90-3128V, 1999 WL 525539, at *2 (Fed. Cl. June 30, 1999)).

Throughout this litigation, the Connecticut law firm of DeLio & Peterson, LLC, represented Defendant; attorneys Robert Curcio, Anthony P. DeLio, John J. Tomaszewski, and Peter W. Peterson provided the representation for the firm, assisted by paralegal Todd Pattist. Additionally, the Florida law firm of Hinshaw & Culbertson LLP, acted as local counsel for Defendant; attorney Nickolas Berry provided the representation for the firm. See Motion to Appear *Pro Hac Vice* (DE 5, 6, and 7); see also Order (DE 10). Defendant seeks an hourly fee for attorneys DeLio and Peterson of $375, for attorney Tomaszewski

---

undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In determining counsel's reasonable hourly rates, the undersigned has considered the applicable Johnson factors.

5

of $325, for attorney Curcio of $300, and for paralegal Pattist of $250.  Albeit at an unspecified hourly rate, Defendant also seeks to recover for time expended by local counsel Nickolas Berry.[5]

In support of the hourly rates claimed, Defendant has submitted the affidavit of one of its attorneys, Robert Curcio,[6] and an affidavit from bookkeeper (for DeLio & Peterson, LLC) Camille Tolento.  See Affidavit of Robert Curcio (DE 47); see also Affidavit of Camille Tolento (DE 37-2) (simply stating hourly rates). Defendant has not submitted any independent expert opinion or any "direct evidence of charges of lawyers under similar circumstances." Norman, 836 F.2d at 1299.[7]  And it has not provided the Court with any information as to the attorneys' qualifications, experience, or reputation, important considerations when calculating reasonable hourly rates under the lodestar method.  See Norman, 836 F.2d at 1299; see also Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (noting that it is incumbent upon the party seeking fees to submit satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate). A lack of information provided by the fee applicant, however, does not relieve a court of its obligation to award a reasonable fee.  Norman, 836 F.2d at 1303 (citing Hensley v.

---

[5] Although Defendant seeks to recover a fee award for attorney Berry, it fails to provide the Court with attorney Berry's billing rate or with attorney Berry's billing records. See Affidavit of Robert Curcio at 10 (DE 47) (requesting to recover $3,293.63 in fees incurred by local counsel by "estimat[ing] that 50% of the local counsel's work was in support of the FDUTPA cause of action . . . ."); see also Affidavit of Camille Tolento (stating that "Local Florida Counsel Expenses and Fees [totaled] $4970.45]").

[6] Attorney Curcio states that he is the "lead counsel for defendant" in this action. Affidavit of Robert Curcio at 15 (DE 32-2).

[7] The Court is mindful that the relevant legal market for determining reasonable market rates here is the South Florida legal market. See Norman, 836 F.2d at 1299.

Eckerhart, 461 U.S. 424, 433 (1983)).  Thus, a court must determine on its own a reasonable hourly rate, and it may do so based on its own experience.  Id. (stating that "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

The Court, however, has discovered that attorneys DeLio, Peterson, and Curcio – "members" of the firm of DeLio & Peterson, LLC – maintain an intellectual property practice specializing in patent, trademark, copyright, and unfair competition cases.  Additionally, they have been admitted to practice since 1957 (District of Columbia), 1982 (Connecticut), and 1997 (Connecticut), respectively, and are registered to practice before the U.S. Patent and Trademark Office.  See http://www.deliopeterson-law.com/ (last visited February 8, 2008); see also http://lawyers.com/Connecticut/New-Haven/DeLio-and_Peterson,-LLC-328873-f.html (last visited February 8, 2008).  Attorney Tomaszewski is an associate with DeLio & Peterson, LLC; he has been admitted to practice since 1971 (New York) and is also registered to practice before the U.S. Patent and Trademark Office.  With respect to Defendant's local counsel, attorney Berry is a partner of the firm of Hinshaw & Culbertson LLP and has been admitted to practice in Florida since 1981; he has a civil litigation practice which includes product liability, personal injury, and contract disputes.  See http://www.hinshawlaw.com/people (last visited February 8, 2008).

Based on this (limited) information and the Court's own experience and knowledge, the undersigned agrees that the hourly rates claimed by attorneys DeLio, Peterson, Curcio, and Tomaszewski are comparable to those charged by other attorneys with similar experience in the South Florida legal community.  Furthermore, it finds that an hourly rate

of $300 for attorney Berry is reasonable and appropriate. The Court believes, however, that the $250 hourly rate claimed by paralegal Pattist[8] greatly exceeds the range of prevailing paralegal rates in this District. See Hansen, 420 F. Supp. 2d at 1351 (awarding hourly rate of $90 to paralegal handling ADA cases); see also Schwartz v. High Q Seeds Corp., No. 05-60728-CIV-COHN, 2006 WL 1548385, at *2 (S.D. Fla. March 13, 2006) (awarding hourly rate of $95 to paralegal); Dunworth v. Tower Hill Preferred Ins. Co., Case No. 05-14019-CIV, 2006 WL 889424, at *4 (S.D. Fla. Feb. 14, 2006) (finding requested hourly paralegal rate of $140 wholly outside the prevailing market range); Jon Michael Joyce v. Hill, Case No. 02-80671-SELTZER (DE 37) (S.D. Fla. April 4, 2004) (awarding hourly rate of $85 to paralegal handling FLSA cases). Accordingly, the undersigned finds that a $95 hourly rate is reasonable for paralegal Pattist.

2.     Hours Reasonably Expended

The Court must next determine the reasonableness of the hours expended by Defendant's counsel. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." Norman, 836 F.2d at 1303. "[A] lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights." Id. at 1301. Thus, fee applicants are required to use "billing judgment." Id. at 1301. At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise

---

[8] Again, Defendant has provided no information regarding the experience and qualifications of this paralegal. Although the website for DeLio & Peterson, LLC, provides a biography for its members and associates, it does not provide a biography for paralegal Pattist. See http://www.deliopeterson-law.com/ (last visited February 8, 2008).

objections and proof concerning hours that should be excluded. Id; Barnes, 168 F.3d at 428-429 (objections concerning hours that should be excluded must be specific and "reasonably precise"). In ascertaining the number of hours reasonably expended, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. Norman, 836 F.2d at 1301; Barnes, 168 F.2d at 428 ("[c]ourts not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Attorney Curcio's Affidavit reflects that he billed 57.68 hours, that attorney DeLio billed 8.23 hours, and that paralegal Pattist billed 3.05 in this litigation. See Affidavit of Robert Curcio at 2 -10 (DE 47). It additionally reflects that attorney Tomaszewski billed .35 hours and that attorney Peterson billed .13 hours. See id.[9]  However, many of the proffered time entries lack substantive descriptions of the services provided by counsel or the paralegal. See Affidavit of Robert Curcio at 2 -10 (DE 47); see also Reply at Ex. E (37-3) ("time logs" from DeLio & Peterson, LLC). By way of example, the record/affidavit contains entries simply listed as "legal research," "prepare for hearing," "t/c w/client," "t/c local counsel," "review file history," "review of prosecution history," "letter to client," "prepare motion," and "litigation - prepare documents." Id. These descriptions are too vague for the Court to discern their reasonableness and legitimacy. See Barnes, 168 F.3d at 428; see e.g., La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 327 (5th Cir. 1995) ("Litigants take their chances when submitting . . . fee applications [containing vague descriptions] as

---

[9] See supra note 5.

they provide little information from which to determine the 'reasonableness' of the hours expended. . . ."); H.J. Inc., v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (disallowing billing entries such as "legal research" on vagueness grounds); Smart SMR of New York, Inc. v. Zoning Com'n of Town of Stratford, 9 F. Supp. 2d 143, 152-53 (D. Conn.,1998) ("truncated descriptions, such as 'document review,' 'research,' 'telephone with Bob Nichols,' 'letter to Mr. Buturla,' and 'motion-memo of law, affirmation'" insufficient to support fee application); Levinson v. Prentice-Hall, Inc., No. 85-3440 (CSF), 1989 WL 65622, at *6  (D.N.J. June 7, 1989) ("Courts have routinely considered terse summaries [such as "research," "conference with partner X," "review of research," "memo," "telephone call-client," and 'similarly vague entries'] inadequate to support a fee petition."). Accordingly, 12.75 hours expended by attorney Curcio, 6.23 hours expended by attorney DeLio, and 1.40 hours expended by paralegal Pattist should be deducted for this reason.

Also, the undersigned finds that the limited amount of time – .35 hours and .13 hours – expended by attorney Tomaszewski and attorney Peterson, respectively, in this matter should be similarly deducted. See Affidavit of Robert Curcio at 9 -10 (DE 47); see also Reply at Ex. E (37-3). By way of example, attorney Tomaszewski has claimed time for "conference[s] with associate," and "rs file."  Affidavit of Robert Curcio at 9 -10 (DE 47); see also Reply at Ex. E (37-3). The undersigned finds not only that attorney Tomaszewski's and attorney Peterson's entries lack clarity for the undersigned to ascertain their reasonableness, but also that their participation was unnecessarily duplicative and unlikely to have significantly contributed to Defendant's success in this matter. See Rodriguez v. McLoughlin, 84 F. Supp. 2d 417, 424 (S.D.N.Y 1999) (excluding, as unreasonable, request for reimbursement for four attorneys who billed 1.0 hour, 1.0 hour,

10

.5 hour, and .5 hour, respectively, because "it is unlikely that counsel could have made a meaningful contribution to the case in such a brief period of time"). Accordingly, the .35 hours and .13 hours expended by attorney Tomaszewski and attorney Peterson, respectively, should be excluded.

Finally, Defendant has not met its burden of documenting the hours claimed for its local counsel. Here, Defendant has not submitted any supporting documentation reflecting the number of hours that attorney Berry has expended in this litigation. See Duckworth, 97 F.3d at 1396 (fee applicant must submit "satisfactory evidence to establish . . . that the hours are reasonable."); Sweeney v. Athens Reg'l Med. Ctr., 917 F.2d 1560, 1571-72 (11th Cir. 1990) ("Eleventh Circuit precedent has held that hours attorneys spend on a case must be documented in order to sustain an award of attorneys' fees . . . . The rationale for requiring some form of documentation of hours is not only to facilitate [appellate] review of an award, but also to aid the trial judge who is necessarily called upon to question the attorneys' submission of hours."). Rather, Defendant summarily requests $3,293.63 in attorney's fees for its local counsel. See Reply at 4 (DE 56) ("Defendant has [ ] allocated 50% of local Florida counsel's time toward the FDUTPA cause of action. . . this Court may consider this fee as attorneys' fees"); see also Affidavit of Robert Curcio at 10 (DE 47) ("The total reimbursable costs represents attorneys fees of local Florida counsel. I have estimated that 50% of the local counsel's work was in support of the FDUTPA cause of action totaling $3,293.63.").[10] Such generalized statements alone are inadequate to

---

[10] Significantly, attorney Curcio omits any mention of local counsel when he avers that only "three attorneys worked on this case since its inception, predominately myself, along with limited support from attorneys Anthony P. DeLio and John J. Tomaszewski, all of DeLio & Peterson, LLC; and . . . paralegal Mr. Todd W. Pattist." Affidavit of Robert

11

support a fee motion.  See, e.g., Dunworth, 2006 WL 889424, at *2 (noting that "inadequate documentation is grounds to deny a motion for fees."); Pinchiant v. Graco Children's Prods., Inc., No. 204CV252FTM29SPC, 2005 WL 1459409, at *2 (M.D. Fla. June 20, 2005) (declining to award fees [for local counsel] where no documentation supporting hours expended was provided).  For this reason, the undersigned declines to award the requested fees for attorney Berry.

After deducting the forgoing amounts, the remaining hours claimed appear reasonable; they are not excessive, redundant or otherwise unnecessary.  Accordingly, the undersigned recommends that Defendant be compensated for 48.58 hours of time incurred by its counsel.

    3.    Lodestar Amount

Multiplying the reasonable number of hours expended by Defendant's counsel by the reasonable hourly rates –  44.93 hours at a $300 hourly rate for attorney Curcio, 2 hours at a $375 hourly rate for attorney DeLio, 0 hours at a $375 hourly rate for attorney Peterson, 0 hours at a $325 hourly rate for attorneys Tomaszewski, 0 hours at a $300 hourly rate for attorney Berry, and 1.65 hours at a $95 hourly rate for paralegal Pattist – results in a lodestar amount of $14,385.75.  The undersigned finds that no adjustment (either upward or downward) to that amount is warranted.  See Pa. v. Del. Valley Citizens Council I, 478 U.S. 546, 565 (1986) (noting that there is "[a] strong presumption that the loadstar figure represents a 'reasonable' fee.").

---

Curcio at 1-2 (DE 32-2) (emphasis added).

III.     RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that:

1.     Defendant's Motion to Renew its Request Pursuant to Fed. R. Civ. P. 54 For a Declaration that Laticrete is the Prevailing Party and for Attorney's Fees Pursuant to Fla. Stat. § 501.201 (DE 45) be GRANTED IN PART and DENIED IN PART; and

2.     Defendant be awarded $14,385.75 in attorney's fees.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. An, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE AND SUBMITTED in Fort Lauderdale, Florida, this 8th day of February 2008.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record